UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAN L. GABLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:10-CV-2648-G |
| RANDY MEEKS, Individually and as ) | |
| Sheriff of Hunt County, Texas, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion for partial dismissal filed by the defendants Randy Meeks ("Meeks") and James Ramsey ("Ramsey") (docket entry 14). For the reasons set forth below, the defendants' motion is granted.

### I. BACKGROUND

#### A. Factual Background

This case arises out of an arrest that took place in December of 2008. Plaintiff, Dan Gable's, Original Complaint and Jury Demand ("Complaint") ¶ 9 (docket entry 1). The plaintiff, Dan Gable ("Gable"), alleges that Meeks, Ramsey,

and five other unnamed officers ("John Does 1-5")[*] arrested him without a warrant and without probable cause, and unlawfully imprisoned him in the Hunt County Jail. *Id*. ¶¶ 9-10. The plaintiff also alleges that the defendants "unlawfully entered onto Plaintiff's property removed a motorcycle and interfered with a lawful landlord tenant relationship." *Id*. ¶ 10. Finally, the plaintiff alleges that he was "unlawfully prosecuted . . . which resulted in a dismiss of all criminal charges." *Id*. ¶ 11. The complaint alleges no other facts.

### B. Litigation Background

On December 29, 2010, the plaintiff filed this suit, alleging violations of his civil rights under the Fourth, Sixth, and Fourteenth Amendments to the U.S. Constitution. *Id*. ¶ 7. The plaintiff also asserts a series of state law claims, including false imprisonment, intentional infliction of emotional distress, invasion of privacy, malicious civil and criminal prosecution, negligent hiring, and tortious interference with contracts. *Id* ¶ 17-19.

In violation of Local Rule 3.1, the plaintiff failed to file a certificate of interested parties with his complaint. On January 5, 2011, this court ordered the plaintiff to file the certificate within 20 days (docket entry 2). On February 9, 2011,

---

[*] The defendants Joe Does 1-5 have never been identified or served. The plaintiffs' claims against these unnamed individuals are dismissed. Rule 4(m), F.R. Civ. P.

more than 20 days after the court's order, the plaintiff filed his certificate of interested persons (docket entry 5).

By April 29, 2011, more than 120 days had elapsed since the filing of the plaintiff's complaint. Because the plaintiff had not yet served the defendants, the plaintiff was in violation of FEDERAL RULE OF CIVIL PROCEDURE 4(m). On that date, this court ordered the plaintiff to show cause by May 9, 2011 why the case should be retained on its docket (docket entry 6). Meeks and Ramsey were served on May 4, 2011 (docket entry 11-12). On May 9, 2011 the plaintiff responded to this court's order to show cause with a prayer to not dismiss the case (docket entry 13).

On May 25, 2011, the defendants filed this motion to dismiss. On June 14, 2011, the plaintiff filed a motion to extend time to file his response to the motion to dismiss (docket entry 15). On June 15, the plaintiff's attorney filed a motion to withdraw, due to the plaintiffs failure to pay legal fees (docket entry 18).

On June 20, 2011, this court extended the plaintiff's time to respond to the defendants' motion to June 30, 2011 (docket entry 19). On the same day, this court granted the plaintiff's attorney's motion to withdraw, "on the condition that he send a copy of this order to plaintiff and file a copy of the transmittal letter for this order with the court." (docket entry 20). In the same order, this court ordered the plaintiff either "to secure counsel well in advance of any future deadlines," or to "be prepared

to represent himself throughout the course of this case." *Id*.  The plaintiff has not filed a response to the defendants' motion to dismiss.

## II.  ANALYSIS

### A.  Legal Standard

"The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Watson v. United States ex rel. Lerma*, 285 Fed. Appx. 140, 143 (5th Cir. 2008) (citing *Johnson v. Pettiford*, 442 F.3d 917, 919 (5th Cir. 2006).  "Rather, '[b]efore a trial judge dismisses a complaint with prejudice, there should be a clear record of delay or contumacious conduct, and a finding that lesser sanctions would not serve the system of justice.'" *Id*. (quoting *Luna v. International Association of Machinists & Aerospace Workers Local # 36*, 614 F.2d 529, 531 (5th Cir. 1980)).

### B.  Application

In this case, the record shows a clear pattern of delay by the plaintiff.  While represented by counsel, the plaintiff failed to timely file a certificate of interested parties or serve the defendants.  It is true that the plaintiff has not been represented by an attorney since June 20, 2011.  However, the court ordered the plaintiff on that day either to secure counsel or to be prepared to represent himself.  The deadline to file a response to the defendants motion has already been extended once, and that extended deadline is now four months past.

Furthermore, a review of the plaintiff's complaint demonstrates that lesser sanctions would not serve the system of justice. The plaintiff's complaint, as filed, contains virtually no facts that would suggest that the plaintiff has a legitimate cause of action. While a complaint does not need to have "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

### III.  CONCLUSION

For the reasons stated above, the defendants' motion for partial dismissal is **GRANTED**. The plaintiff's claims against the defendants Meeks and Ramsey are **DISMISSED**.

**SO ORDERED**.

November 7, 2011.

_____
**A. JOE FISH**
**Senior United States District Judge**